STRICKER ET AL. *v.* CODIFER.

[76 South. 346, Division B.]

EQUITY. *Dismissal at final hearing. Lack of parties.*

> Where in a bill to apportion alluvion, the claimants to a part of
> it are not made parties, the court on appeal will dismiss the
> bill without prejudice.

APPEAL from the chancery court of Wilkinson county.
HON. R. W. CUTRER, Chancellor.

ON SUGGESTION OF ERROR.   MODIFIED AND DISMISSED.

For former report see 75 So. 385.

Appellants, who were complainants in the court below,
filed a bill in chancery against appellee, the purpose of
which was to obtain a decree of the chancery court ap-
portioning the accretion which had formed in front of
the property on the bank of the Mississippi river, so
that they would have a water frontage on the new bed
of the stream.

The bed of the Mississippi river had gradually re-
ceded, leaving a large acreage of accretions between the
old bed of the stream and the new bed. The dividing
line between the appellants and appellee was a line run-
ning from the old bank of the Mississippi river north
fifty-five degrees east, and the land of appellee lay south-
east of this line, and appellants' lay to the northwest, to
a smaller stream known as Buffalo river, which ran
through the accretions to the new bed of the Mississippi
river. The dividing line, north fifty-five degrees east,
extended, ran through the alluvion and reached the new
bed of the Mississippi river just above the mouth of the
Buffalo river.

Appellants sought to have the court enter a decree
apportioning the alluvion west of the Buffalo river be-
tween appellants and appellee, so that each would have
a proportionate frontage on the new bed of the Missis-

115 Miss.—20

sippi river, and appellants would not be forced to cross the Buffalo river in order to reach the new bed of the Mississippi river, as would be the case should the dividing line be held to be the extension of the line north fifty-five degrees east.

The chancellor entered a decree in which he found as a matter of law that the dividing line north fifty-five degrees east extended to the new bed of the Mississippi river should be the dividing line of the accretions, and apportioned the accretions between appellants and appellee without regard to the Buffalo river, which is a nonnavigable stream. The appellants appealed, and the supreme court affirmed the decree of the chancellor.

Afterwards, on suggestion of error filed by the appellants, attention was called to the fact that owners of the accretion west of the Buffalo river had not been made parties to the suit, and therefore the decree approtioning the alluvion west of the Buffalo river was void, since all parties in interest were not in court.

*Ackland H. Jones,* for appellants.

*Ratliff & Kennedy,* for appellee.

Per Curiam.

This cause was affirmed without an opinion, and it now appears that the lines of the appellants, if extended in a straight line to the river, would cross Buffalo river, a small stream, and that the parties claiming the land beyond Buffalo river and between said stream and the Mississippi river were not parties to the suit, and their rights could not be adjudicated in their absence. The decree should be modified, so as to dismiss the bill without prejudice of the appellants to file a new or amended bill, making said parties not before the court on this appeal parties defendant to the bill.

The former judgment will be modified to the extent of ·dismissing the bill without prejudice to the right of the .appellants to file a new bill, bringing ·in all necessary parties.

*So ordered.*